2010 BNH 013
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 08-11254-MWV |
| | Chapter 7 |
| Lajos J. Zsofka, | |
|     Debtor | |
| | |
| Steven M. Notinger, | |
| Chapter 7 Trustee, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 09-1029-MWV |
| | |
| Matthew Zsofka, | |
|     Defendant | |

*Marc W. McDonald, Esq.*
*KAZAN, SHAUGHNESSY, KASTEN & MCDONALD*
*Attorney for Steven M. Notinger*

*William S. Gannon, Esq.*
*WILLIAM S. GANNON PLLC*
*Attorney for Matthew Zsofka*

### MEMORANDUM OPINION

Steven M. Notinger, the Chapter 7 trustee (the "Plaintiff"), filed an amended complaint (Ct. Doc. No. 21) pursuant to 11 U.S.C. § 363(h) of the Bankruptcy Code[1] and N.H. Rev. Stat. Ann. § 304-A:38. A brief hearing was held on the amended complaint on January 14, 2010, at which time Matthew Zsofka's (the "Defendant") oral motion to dismiss the § 363(h) claim was granted for reasons stated in open court. Under the remaining claim of the amended complaint, the Plaintiff requests that the Court: (1) order liquidation of certain partnership property in which Lajos J. Zsofka (the "Debtor") has an interest; (2) force the sale of the partnership property; and (3) have the proceeds of the forced sale applied to partnership liabilities, with surplus going to the partners. At the close of the hearing on January 14, 2010, the

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

parties were ordered to submit additional memoranda regarding the remaining claim by February 11, 2010. Only the Plaintiff submitted an additional memorandum.  On February 12, 2010, the Court took the matter under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The Defendant and Debtor are brothers.  At some time prior to 2001, the Defendant and the Debtor formed a general partnership called ZLM Realty (the "partnership").  The partnership owns three condominium units (the "condos").  By Spring 2001, the relationship between the Defendant and Debtor deteriorated to the point where they were no longer on speaking terms.  In order to continue to manage the partnership assets, the Defendant and the Debtor entered into an agreement on June 5, 2001 (the "Agreement"), whereby the Defendant would continue to manage the condos and collect rent therefrom.  The Agreement provided, among other things, that the Defendant would receive the first $50,000 of the net proceeds of rent collected from the condos, and the remaining net proceeds would be divided equally between the Defendant and the Debtor.

On May 8, 2008, the Debtor filed for Chapter 7 bankruptcy.  The Plaintiff, as Chapter 7 trustee, now seeks an order directing the Defendant to wind up the partnership, which includes the sale of the condos and distribution of the proceeds under N.H. Rev. Stat. Ann. § 304-A:38.  The Defendant counters by claiming that the Defendant is the only person, under law, with the right to decide whether to wind up the affairs of the partnership.  Additionally, the Defendant alleges that the benefit of the sale of the condos to the estate does not outweigh the detriment to the Defendant that would result from a forced sale.

## DISCUSSION

**I.       Dissolution**

Pursuant to New Hampshire law:

Dissolution is caused:

I. Without violation of the agreement between the partners:

>   (a) By the termination of the definite term or particular undertaking specified in the agreement
>   (b) By the express will of any partner when no definite term or particular undertaking is specified.
>   (c) By the express will of all the partners who have not assigned their interest or suffered them to be charged for their separate debts, either before or after the termination of any specified term or particular undertaking.
>   (d) By the expulsion of any partner from the business bona fide in accordance with such a power conferred by the agreement between the partners.

II.  In contravention of the agreement between the partners, where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time.

III. By any event which makes it unlawful for the business of the partnership to be carried on or for the members to carry it on in partnership.

IV. By the death of any partner.

V. By the bankruptcy of any partner or the partnership.

VI. By decree of court under RSA 304-A:32.

N.H. Rev. Stat. Ann. § 304-A:31.

The Plaintiff claims that the partnership dissolved in 1993, while the Defendant contends that the Debtor's bankruptcy filing caused dissolution, and such act was in contravention of the partnership agreement.  The only evidence submitted by the Plaintiff in support of dissolution occurring in 1993 is a printout from the New Hampshire Secretary of State's website.  After review of this document, the only fact discernible from its contents is that the partnership failed to register its trade name thus forfeiting exclusive use of the name "ZLM REALTY."  See N.H. Rev. Stat. Ann. § 349:1.   Failure to register a trade name is not cause for dissolution under the laws of New Hampshire.  The printout does contain a line item "Dissolve

Date:" followed by the date "1/30/1993," but without further information the Court cannot conclusively determine that the partnership dissolved on that date.

The only cause of dissolution in evidence under N.H. Rev. Stat. Ann. § 304-A:32 is the Debtor's filing of bankruptcy. However, it is important to note that nowhere in the partnership agreement do the parties state or indicate that the filing of bankruptcy is an event in contravention of the agreement. Accordingly, based on the record before the Court, the partnership dissolved by the bankruptcy filing of the Debtor on May 8, 2008.

## II. Winding up

Section 541 provides that the commencement of a bankruptcy case creates an estate in which "all legal or equitable interest of the debtor in property" becomes property of the estate. 11 U.S.C. § 541(a). Accordingly, the Debtor's interests in the partnership are part of the bankruptcy estate. However, because a partner co-owns partnership property with his partners as a tenant in partnership, the particular assets of the partnership are not part of the bankruptcy estate. N.H. Rev. Stat. Ann. § 304-A:25,I; see also Law of Partnership, Crane and Bromberg (1968) § 40 at page 228 ("ownership of the property is, for all practical purposes, in the partnership, not the partners.") In the present case, the partnership has dissolved but it has not yet terminated since winding up has not occurred. Id. at § 304-A:30. The Defendant claims that, as the only solvent partner remaining, he is the only person under law with the right to wind up the partnership affairs. The Court agrees with the Defendant on this point. Id. at § 304-A:37. However, the Plaintiff does not seek to personally wind up the partnership but, instead, have the Court order the Defendant to wind up the partnership.

New Hampshire law provides that:

> Unless otherwise agreed, the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, however, that any partner, his legal representative or his assignee, upon cause shown, may obtain winding up by the court.

N.H. Rev. Stat. Ann. § 304-A:37. Despite the fact that the Debtor's bankruptcy filing caused dissolution of the partnership, such an event does not constitute wrongful dissolution. Consequently,

any partner of a partnership, here the Defendant or the Debtor, has the right to request a judicially ordered wind up and termination upon cause shown.  Id. at § 304-A:37.  Once the Debtor filed for bankruptcy, this right became part of his estate under section 541.  Samson v. Prokopf (In re Smith), 185 B.R. 285, 290-91 (Bankr. S.D. Ill. 1995).

The Plaintiff contends that cause exists to order the wind-up and termination of the partnership because: (1) partition of the condos would not be practical, (2) the sale of the estate's interest would realize significantly less for the estate than a sale of the entirety, and (3) the condos are not "energy producing property."  The Defendant claims that the condos could be partitioned in kind, and the Defendant would lose rental income if the Court ordered a forced sale.  However, the Defendant provides no proof as to practicality of partition.  Moreover, by the Defendant's own testimony, in all of the years that the condos have been rented, they have never even generated enough money to fulfill the Agreement provide the Debtor is half share of the net proceeds.  Accordingly, the Court finds sufficient cause to order the Defendant to wind-up and terminate the partnership assets.

## CONCLUSION

For the reasons set out herein, the Defendant is ordered to: (1) expeditiously wind-up and terminate the partnership, and (2) sell the condos and apply the proceeds to the partnership liabilities pursuant to N.H. Rev. Stat. Ann. § 304-A:38.  Any surplus remaining after the sale of the condos shall be divided between the Defendant and the bankruptcy estate equally per the terms of the partnership agreement.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 4th day of March, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge